**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **TOMISNE COLBERT,** ***Individually and on behalf of other similarly situated individuals;*** | |
| ***Plaintiff,*** | |
| **V.** | **CIVIL ACTION NO. 6:26-cv-324-JCB** |
| **HEART OF GOLD TRANSPORT, LLC, A'TARKA P. MCELROY, and SPEEDX, INC.** | **JURY** |
| ***Defendants.*** | |

**DEFENDANTS HEART OF GOLD TRANSPORT, LLC, A'TARKA P. MCELROY, AND SPEEDX, INC.'S JOINT ANSWER TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendants Heart of Gold Transport, LLC ("Heart of Gold"), A'Tarka P. McElroy ("McElroy"), and SpeedX, Inc. ("SpeedX") (collectively, "Defendants") file this Joint Original Answer to Plaintiff Tomisne Colbert's Original Collective Action Complaint ("Complaint") pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure and, subject to the admissions expressly stated below, deny Plaintiff's allegations and demand strict proof thereof.

## I. GENERAL DENIAL AND PRELIMINARY STATEMENT

1. Defendants deny that Plaintiff is entitled to recover against any Defendant under the Fair Labor Standards Act ("FLSA"), Texas law, or any other theory asserted in the Complaint.

2. Defendants specifically deny that they jointly employed Plaintiff as alleged; deny that each Defendant exercised the control over Plaintiff alleged in the Complaint; deny that McElroy is individually liable as an "employer" under the FLSA; deny that Defendants were

Plaintiff's employer or joint employer; deny that Defendants maintained an unlawful common pay practice; and deny that Defendants knowingly, intentionally, or willfully violated the FLSA.

3. To the extent an allegation is not expressly admitted below, it is denied.

## II. RESPONSES TO NUMBERED ALLEGATIONS

### ***Collective Action Complaint***

4. In response to Paragraph 1, Defendants admit only that Plaintiff purports to bring an action under 29 U.S.C. § 216(b). Defendants deny that this matter is properly maintainable as a collective action, deny that Plaintiff is similarly situated to the putative collective members described in the Complaint, deny any willful violation of the FLSA, and otherwise deny the allegations.

5. In response to Paragraph 2, Heart of Gold admits that Plaintiff performed delivery-driver work during a portion of the relevant period. Defendants deny the remaining allegations, including that Plaintiff was jointly employed by all Defendants, that she worked compensable overtime for which she was unlawfully unpaid, or that she is entitled to the relief sought. In that vein, Defendants demand strict proof thereof.

6. In response to Paragraph 3, Defendants admits that Plaintiff performed delivery-driver services in connection with Heart of Gold. Defendants deny any characterization or allegation that Plaintiff was employed by Heart of Gold and demand strict proof thereof.

7. In response to Paragraph 4, Defendants admit that McElroy was associated with the management of Heart of Gold. Defendants specifically deny that McElroy exercised such operational control over Plaintiff as to establish an employer-employee relationship or to impose individual liability under the FLSA. Defendants deny the remaining allegations and demand strict proof thereof.

8. Defendants deny the allegations contained in Paragraph 5. Specifically, Defendants deny that SpeedX was Plaintiff's employer or joint employer within the meaning of the FLSA. Defendants further deny that the matters alleged concerning packages, delivery standards, technology, or performance monitoring establish an employment or joint-employment relationship and demand strict proof thereof.

9. In response to Paragraph 6, Defendants deny that Plaintiff was unlawfully denied overtime compensation or that Defendants violated 29 U.S.C. § 207. Defendants otherwise demand strict proof of Plaintiff's hours worked, compensation received, and calculation of any alleged unpaid wages.

10. In response to Paragraph 7, Defendants admit only that Plaintiff purports to assert claims under the FLSA and references the Texas Labor Code. Defendants deny that Plaintiff has established any violation, collective entitlement, or right to relief.

## ***Jurisdiction and Venue***

11. In response to Paragraph 8, Defendants admit that this Court has subject-matter jurisdiction over properly pleaded claims arising under the FLSA pursuant to 28 U.S.C. § 1331. Defendants deny any allegation that they violated the FLSA and demand strict proof thereof.

12. In response to Paragraph 9, Defendants do not presently contest venue in this District. Defendants deny any remaining factual or legal conclusions inconsistent with this Answer.

## ***Parties***

13. In response to Paragraph 10, Defendants lack sufficient knowledge to admit or deny Plaintiff's current residence and therefore deny the same. Defendants admit that Plaintiff

performed delivery-driver work during a portion of the relevant period. Defendants deny that Plaintiff worked for all Defendants as alleged and otherwise deny the allegations and demand strict proof thereof.

14. In response to Paragraph 11, Heart of Gold admits that it is a limited liability company that has conducted business in Texas. The allegations concerning service are no longer material following appearance. Defendants otherwise deny any allegations inconsistent with this Answer and demand strict proof thereof.

15. In response to Paragraph 12, Defendants admit that McElroy has served in a management capacity for Heart of Gold. Defendants deny that McElroy exercised the degree or type of control alleged, deny that McElroy qualifies as Plaintiff's individual employer for purposes of FLSA liability, and deny the remaining allegations, demanding strict proof thereof.

16. In response to Paragraph 13, Defendants admit that SpeedX, Inc. is a corporate entity. SpeedX specifically denies that it employed Plaintiff, jointly employed Plaintiff, or exercised the degree of control over Plaintiff necessary to constitute an employer under the FLSA. Defendants otherwise deny the allegations and demand strict proof thereof.

## ***Statement of Facts***

17. Paragraph 14 requires no response because it merely characterizes the basis for Plaintiff's allegations. To the extent a response is required, Defendants deny any allegation inconsistent with this Answer.

18. In response to Paragraph 15, Defendants admit that Plaintiff performed delivery-driver work during a portion of the relevant period. Defendants deny that Plaintiff was jointly employed by all Defendants and otherwise deny the allegations and demand strict proof thereof.

19. Defendants deny the allegations in Paragraph 16, including the allegation that Plaintiff routinely worked approximately 80 hours during each workweek, and demand strict proof of all hours Plaintiff contends she worked.

20. Defendants deny the allegations in Paragraph 17 to the extent Plaintiff alleges that she performed compensable overtime work for which she was legally entitled to but did not receive required compensation. Defendants demand strict proof thereof.

21. Defendants deny the allegations in Paragraph 18 and demand strict proof thereof.

22. In response to Paragraph 19, Defendants admit only that personnel involved in delivery operations could communicate assignments, schedules, or operational requirements. Defendants deny Plaintiff's characterization of those matters, deny that they establish joint employment among all Defendants, and otherwise deny the allegations and demand strict proof thereof.

23. Defendants deny the allegations in Paragraph 20 as stated and demand strict proof thereof.

24. Defendants deny the allegations in Paragraph 21 as stated and demand strict proof thereof.

25. Defendants deny the allegations in Paragraph 22 as stated and further deny that any operational or delivery requirements establish the joint-employment relationship alleged by Plaintiff. In that vein, Defendants demand strict proof thereof.

26. Defendants deny the allegations in Paragraph 23 and demand strict proof thereof.

27. Defendants lack sufficient knowledge to admit or deny Plaintiff's allegation in Paragraph 24 concerning the precise number of delivery drivers and therefore deny the same. Defendants specifically deny that approximately 40 drivers are similarly situated to Plaintiff "in

all respects material to this action," deny that they were subject to a common unlawful pay practice, and deny that collective treatment is appropriate. Defendants strict proof thereof.

28. In response to Paragraph 25, Defendants admit that SpeedX packages could be delivered in connection with Heart of Gold's delivery operations. Defendants deny that this fact establishes that SpeedX employed or jointly employed Plaintiff and otherwise deny the allegations, demanding strict proof thereof.

29. In response to Paragraph 26, Defendants admit that delivery operations may be subject to delivery schedules, service requirements, or performance standards. Defendants deny Plaintiff's characterization thereof and specifically deny that such requirements establish an employer or joint-employer relationship between Defendants and Plaintiff.

30. In response to Paragraph 27, Defendants admit that technology or applications may have been utilized in connection with delivery services. Defendants deny that the use of such technology establishes an employer or joint-employer relationship between Defendants and Plaintiff and otherwise deny the allegations.

31. In response to Paragraph 28, Defendants admit that delivery completion may be tracked or monitored for operational and fulfillment purposes. Defendants deny that such monitoring establishes that Defendants employed or jointly employed Plaintiff and otherwise deny the allegations.

32. In response to Paragraph 29, Defendants admit only that the FLSA and its applicable coverage and exemption provisions speak for themselves. Defendants deny Plaintiff's characterization of the law, deny that the allegations establish FLSA liability, and deny that Plaintiff or any putative collective member is necessarily entitled to overtime compensation. Defendants further assert all applicable statutory exemptions and exclusions.

***Alleged Managerial Liability of A'Tarka P. McElroy***

33. Defendants deny the allegations in Paragraph 30 to the extent Plaintiff alleges that McElroy exercised sufficient operational control to constitute Plaintiff's employer under the FLSA. Defendants specifically deny that McElroy is individually liable for any alleged FLSA violation and emphatically deny that McElroy willfully ignored the FLSA or acted with conscious indifference toward Plaintiff's rights. In that vein, Defendants demand strict proof thereof.

***First Cause of Action — Alleged Failure to Pay Overtime***

34. In response to Paragraph 31, Defendants incorporate their responses to the preceding allegations. Defendants admit that 29 U.S.C. § 207(a)(1) contains overtime requirements applicable to covered, non-exempt employees under circumstances prescribed by law. Defendants deny that Plaintiff's characterization constitutes a complete statement of the governing law and deny that Defendants violated the FLSA and demand strict proof thereof.

35. Defendants deny the allegations in Paragraph 32, including that Plaintiff routinely worked approximately 80 hours per week and that she performed compensable overtime work for which she was entitled to but unlawfully denied overtime compensation. In that vein, Defendants demand strict proof thereof.

36. Defendants deny the allegations in Paragraph 33. Defendants specifically deny that they knowingly, intentionally, recklessly, or willfully failed to pay Plaintiff compensation required by the FLSA and demand strict proof thereof.

37. Defendants deny the allegations in Paragraph 34 and deny that Plaintiff suffered damages caused by any unlawful conduct of Defendants and demand strict proof thereof.

38. In response to Paragraph 35, Defendants admit only that Plaintiff purports to bring a collective action under 29 U.S.C. § 216(b). Defendants deny that Plaintiff and the putative

collective members are similarly situated or that collective treatment is appropriate and demand strict proof thereof.

***Collective Action Allegations***

39. In response to Paragraph 36, Defendants admit that Plaintiff purports to proceed individually and collectively pursuant to 29 U.S.C. § 216(b). Defendants deny that Plaintiff is an appropriate representative, deny that the proposed collective members are similarly situated, deny that Defendants maintained a common unlawful policy or practice, and deny that conditional or final certification is appropriate. As such, Defendants demand strict proof thereof.

40. Defendants deny the allegations in Paragraph 37. Defendants specifically note that Plaintiff elsewhere alleges that she was paid on an hourly basis, whereas Paragraph 37 alleges that putative collective members were compensated "solely by commission." Defendants deny that Plaintiff has identified a uniform compensation policy applicable to a similarly situated collective and deny that any common unlawful overtime practice existed and demand strict proof thereof.

41. Defendants deny the allegations in Paragraph 38 and deny that Plaintiff is entitled to serve as representative of the proposed collective or that this action should be certified or otherwise maintained as a collective action and demand strict proof thereof.

42. Defendants deny the allegations in Paragraph 39 and deny that Plaintiff suffered recoverable damages or losses caused by any unlawful conduct of Defendants and demand strict proof thereof.

***Jury Demand and Prayer***

43. In response to Paragraph 40, Defendants acknowledge Plaintiff's jury demand. Defendants likewise demand a jury trial on all issues so triable.

44. Defendants deny that Plaintiff or any putative collective member is entitled to any relief requested in the Prayer for Relief, including any finding of willfulness, unpaid overtime, liquidated or multiple damages, penalties, injunctive relief, prejudgment interest, attorney's fees, costs, or other relief against Defendants.

## III. AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden not otherwise imposed upon them by law, and expressly preserving their denials above, Defendants assert the following affirmative and other defenses:

**Failure to State a Claim**

45. Plaintiff's Complaint, in whole or in part and particularly as against McElroy and SpeedX, fails to allege facts sufficient to establish liability or entitlement to the relief sought.

**No Employer or Joint-Employer Relationship**

46. One or more Defendants were not Plaintiff's "employer" within the meaning of the FLSA. Defendants specifically deny that they employed or jointly employed Plaintiff.

47. The economic realities of the relationships among Plaintiff and the respective Defendants do not establish that every Defendant exercised the requisite control over Plaintiff's employment to constitute a joint employer.

**No Individual Liability**

48. McElroy did not exercise sufficient operational control over Plaintiff's employment to impose individual employer liability under the FLSA and is therefore not individually liable for the alleged violations.

**Motor Carrier Act Exemption**

49. Plaintiff's claims are barred, in whole or in part, by the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1), to the extent Plaintiff was an employee with respect to whom the Secretary of Transportation had authority to establish qualifications and maximum hours of service under 49 U.S.C. § 31502.

50. Plaintiff alleges that she worked as a delivery-truck driver transporting packages. To the extent the evidence establishes that Plaintiff's duties and transportation activities fall within the Motor Carrier Act exemption, Plaintiff is exempt from the overtime requirements of 29 U.S.C. § 207. The Fifth Circuit recognizes that application of the Motor Carrier Act exemption turns on both the class of employer and the character of the employee's work, and it has recently applied the exemption in a joint-employer setting. *See Rosales v. Indus. Sales & Servs., LLC*, No. 24-40289 (5th Cir. Apr. 10, 2025); *Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 815–16 (5th Cir. 2024).

**Other FLSA Exemptions, Exceptions, and Exclusions**

51. Plaintiff's claims are barred or limited to the extent that Plaintiff or any putative collective member falls within an applicable exemption, exception, exclusion, or limitation contained in the FLSA or applicable regulations.

**No Unpaid Compensable Overtime**

52. Plaintiff did not perform the amount of compensable overtime alleged in the Complaint. Defendants deny that Plaintiff routinely worked approximately 80 hours per workweek and demand strict proof of each alleged uncompensated workweek and each alleged uncompensated hour.

**Credit, Setoff, and Payment**

53. Defendants are entitled to all lawful credits, offsets, setoffs, or other adjustments permitted under the FLSA for compensation already paid to Plaintiff, to the extent applicable.

**Good Faith / Liquidated Damages**

54. Defendants deny any violation of the FLSA. Alternatively, any act or omission found to constitute a violation was undertaken in good faith and upon objectively reasonable grounds for believing that the conduct complied with applicable law. Accordingly, Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. § 260.

**No Willfulness**

55. Defendants did not knowingly, recklessly, intentionally, or willfully violate the FLSA. Accordingly, the three-year limitations period applicable to willful violations does not apply.

**Statute of Limitations**

56. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including 29 U.S.C. § 255(a). Any claims arising more than two years before the filing of Plaintiff's action or, with respect to any opt-in claimant, more than two years before the filing of that claimant's written consent, are barred absent Plaintiff's proof of a willful violation.

**Collective Action Is Inappropriate**

57. Plaintiff cannot establish that she and the proposed collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

58. Determination of the claims asserted will require individualized inquiries concerning, among other matters, each individual's employer or employers, job duties, routes, vehicles, interstate activities, hours worked, compensation, supervisors, operational control, applicable exemptions, and damages.

59. The existence of material individualized issues precludes collective treatment to the extent required by applicable law.

**No Common Unlawful Policy or Practice**

60. Defendants deny the existence of any common policy or practice of requiring employees to perform compensable overtime without compensation required by law.

61. Plaintiff's own Complaint contains materially inconsistent allegations concerning the alleged compensation practice, alleging that Plaintiff was paid hourly while subsequently alleging that putative collective members were compensated "solely by commission."

**Texas Labor Code**

62. To the extent Plaintiff attempts to assert an independent claim under the Texas Labor Code, Defendants deny that Plaintiff has pleaded or can establish facts entitling her to relief under that statute and deny that any provision of Texas law affords the relief requested on the facts alleged.

**Injunctive Relief**

63. Plaintiff lacks a statutory or factual basis for the private injunctive relief requested and cannot establish the prerequisites necessary for such relief.

**Attorneys' Fees and Costs**

64. Because Defendants deny liability under the FLSA or any other applicable statute, Defendants deny that Plaintiff is entitled to recover attorney's fees or costs.

## IV. JURY DEMAND

65. Defendants demand trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Heart of Gold Transport, LLC, A'Tarka P. McElroy, and SpeedX, Inc. respectfully request that:

a. Plaintiff take nothing by her claims against Defendants;

b. Plaintiff's claims be dismissed with prejudice;

c. Plaintiff's request to maintain this action as an FLSA collective action be denied;

d. Plaintiff's request for liquidated damages, multiple damages, penalties, injunctive relief, attorney's fees, costs, and other relief be denied;

e. Defendants recover their costs to the extent permitted by law; and

f. Defendants receive all other legal and equitable relief to which they may show themselves justly entitled.

Respectfully Submitted,

SMITH & SMITH LAW GROUP, PLLC
1829 John McCain Road, Suite 101
Colleyville, Texas 7034
T: (469)351-0879

By: */s/ Brandon Smith*
Brandon Smith
SBN:24075919
Email: bsmith@smithdallaslaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing served upon the following counsel via the method reflected below, on this the 1st day of September, 2026.

Via Electronic Mail
William S. Hommel, Jr.
bhommel@hommelfirm.com
HOMMEL LAW FIRM, PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703

By: */s/ Brandon Smith*
Brandon Smith